IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMELIA PETERSHEIM,        )<br>                                                    )<br>         Plaintiff,                        )   No. 1:05-cv-01815 (RWR)<br>                                                    )<br>     v.                                         )<br>                                                    )<br>UNITED STATES,                    )<br>                                                    )<br>         Defendant.                   ) | |

**UNITED STATES' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

The United States submits this reply to address plaintiff's assertion that Fed.R.Civ.P.4(c)(2) does not apply to service of process on the United States.

The United States' sole ground for dismissal in the motion to dismiss plaintiff's complaint was that Amelia Petersheim, the plaintiff in this matter, attempted to serve the summons and complaint upon the United States. Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. Davis v. Garcia, 226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

1509676.1

Plaintiff does not contest the fact that she, herself, attempted to serve initial process in this case. Rather, she argues that service on the United States under rule 4(i) is not subject to this restriction. Plaintiff is wrong. Rule 4(i) does not, by its terms or otherwise, except the service procedures applicable to service of process on the United States from the restrictions of 4(c)(2). "[W]hile Rule 4(i)(1) describes *how* service can be effectuated against the United States, it does not change *who* can effectuate service as defined by Rule 4(c)(2)." <u>Perkel v. United States</u>, 2001 WL 58964 (emphasis in original); <u>accord</u>, <u>Hanberg v. FBI</u>, 2003 WL 21730605 (applying the same principal to federal agency).

Plaintiff has failed to serve the United States in this action because Amelia Petersheim improperly acted as the service agent. Accordingly, service of process was

insufficient, and the Court lacks jurisdiction over the person of the United States. The complaint, therefore, should be dismissed under Fed.R.Civ.P. 12(b)(2) & (5).1/

DATED: April 5, 2006.

        Respectfully submitted,

        /s/ Pat S. Genis
        PAT S. GENIS, #446244
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P. O. Box 227, Ben Franklin Station
        Washington, D.C. 20044
        Phone/Fax: (202) 307-6390/514-6866
        Email: pat.genis@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

    1/ Moreover, if the Court were to deny the instant motion, the United States would assert that the Court lacks subject-matter jurisdiction because: 1) plaintiff has not asserted that she filed a proper administrative claim for refund of taxes; 2) she has not alleged that she filed a proper administrative claim for "wrongful collection" damages; 3) injunctive relief is barred by statute; and 4) declaratory relief is barred by statute.

---

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT was served upon the following person on April 5, 2006 by sending a copy by first-class mail, postage prepaid, addressed as follows:

Amelia Petersheim
2160 Mason School Road
Oakland, MD 21550

/s/ Pat S. Genis
PAT S. GENIS, #446244